UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: KWOK,<br>*Debtors* | BANKR. NO. 22-50073 (JAM)<br>*Chapter 11* |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br>*Plaintiff*,<br>v.<br><br>ACASS CANADA LTD.,<br>*Defendant.* | ADV. PRO. NO. 24-5226 |
| ACASS CANADA LTD.,<br>*Appellant*,<br>v.<br><br>LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br>*Appellee.* | CIVIL NO. 3:25-CV-682 (KAD)<br><br>DECEMBER 5, 2025 |

**MEMORANDUM OF DECISION RE: APPELLANT'S MOTION FOR LEAVE TO APPEAL (ECF NO. 2)**

Kari A. Dooley, United States District Judge:

This appeal arises out of an adversary proceeding commenced in the United States Bankruptcy Court in the District of Connecticut by Chapter 11 Trustee Luc. A. Despins (the "Trustee"), appointed in the Chapter 11 case of Ho Wan Kwok (the "Debtor"), against Appellant ACASS Canada LTD. ("ACASS"). *Despins v. ACASS Canada LTD.*, No. 24-ap-5226 (hereinafter, the "Adversary Proceeding"). ACASS seeks leave to appeal the Bankruptcy Court's partial ruling on ACASS's Motion to Dismiss (the "MTD Order"). The MTD Order adjudicated the outstanding issues raised in ACASS's Motion to Dismiss that were not addressed by the Bankruptcy Court's Memorandum of Decision and Order dated March 4, 2025 (the "Omnibus MTD Order") (Adv.

Proc., ECF No. 47)[1], which resolved four common issues raised by ACASS and dozens of other non-debtor entities similarly seeking dismissal of the Trustee's Complaints against them. *See* MTD Order, Adv. Proc., ECF No. 56. In short, the instant MTD Order finally resolved what remained of ACASS's Motion to Dismiss following the Omnibus MTD Order.

ACASS filed the instant Motion for Leave to Appeal on April 28, 2025. ACASS MLA, ECF No. 2. The Trustee opposes ACASS's Motion for Leave to Appeal. *See* Trustee Opp., ECF No. 18. ACASS filed a reply brief on July 15, 2025. ACASS Reply, ECF No. 21. For the reasons set forth below, ACASS's Motion for Leave to Appeal is **DENIED**.

**Facts and Procedural Background**

The Trustee has now filed hundreds of similar adversary proceedings seeking to avoid transfers nominally made by entities that are or were alter egos of, and beneficially owned by, the Debtor. All of the Complaints in these underlying adversary proceedings allege that the Debtor, through his alter ego shell companies, transferred property to various third-party entities, to include, as alleged in this case, ACASS, and that those transfers were either fraudulent transfers or unauthorized pre-petition or post-petition transfers. The Trustee seeks to claw back these transfers for the benefit of the Estate.

As relevant here, on February 14, 2024, the Trustee filed the instant Adversary Proceeding, alleging that ACASS received unauthorized pre-petition and post-petition transfers from the Debtor through several of his alter egos, including Lamp Capital LLC and Golden Spring (New York) Ltd. The operative complaint, the Second Amended Complaint ("SAC") was filed on August 29, 2024. *See* Adv. Proc., ECF No. 22. Although, the parties' familiarity with the

---

[1] The Court previously denied leave to appeal the Omnibus MTD Order. *See* Adv. Proc., ECF No. 65.

underlying bankruptcy proceedings is assumed, the Court summarizes the allegations against ACASS as follows:

ACASS is a Canadian entity that provides management and operations services for privately owned aircraft, including for the Debtor's Bombardier Global XRS private jet (hereinafter, the "Bombardier"). SAC, Adv. Proc., ECF No. 22 at ¶¶ 10, 34. The SAC alleges that the Debtor, through his alter egos, made $11,524,246.45 in pre-petition transfers to ACASS, and that such transfers were fraudulent, insofar as they were effectuated as part of the Debtor's "shell game" and made with the intent to hinder, delay, and/or defraud the Debtor's creditors. *See id.* at ¶¶ 2–3. Likewise, the SAC asserts that the Debtor, through his alter egos, also made $259,817.88 in post-petition transfers to ACASS, and that such transfers were unauthorized and thereby subject to avoidance and recovery under Sections 549 and 550 of the Bankruptcy Code. *Id.* at ¶¶ 4–5. According to the Trustee, the transfers to ACASS were part of the Debtor's practice of dissipating his assets (including the proceeds of his frauds) through spending on luxury goods and services (*i.e.*, here, the management and operation of the Bombardier). *See id.* at ¶ 36.

On September 12, 2024, ACASS filed a Motion to Dismiss the SAC. *See* ACASS MTD, Adv. Proc., ECF No. 26. On March 4, 2025, the Bankruptcy Court issued the Omnibus MTD Order denying in part ACASS's Motion to Dismiss as it related to four common issues raised in that Motion and dozens of other motions to dismiss filed by other similarly situated entities that received transfers from the Debtor's alter egos. *See* Omnibus MTD Order, Adv. Proc., ECF No. 47. At the conclusion of the Omnibus MTD Order, the Bankruptcy Court instructed ACASS to file a joint statement in its respective adversary proceeding regarding any issues that remained to be determined with respect to its Motion to Dismiss. *See id.* at pp. 51–52.

On March 28, 2025, the parties in the Adversary Proceeding filed their Joint Statement of Issues Remaining.  *See* Statement, Adv. Proc., ECF No. 54.  Therein, ACASS identified five issues as remaining following the entry of the Omnibus MTD Order: (1) whether ACASS was entitled to dismissal on personal jurisdiction grounds; (2) whether the Trustee's intentional fraudulent transfer claims should be dismissed for failure to state a claim; (3) whether the Trustee's intentional fraudulent transfer claims should be dismissed for failing to plead fraud with the requisite particularity; (4) whether the Trustee's constructive fraudulent transfer claim should be dismissed for failure to state a claim; and (5) whether law of the case applies.  *See id.* at 2.  The Trustee agreed as to issues 1, 2, 3, and 5, but argued that issue 4 was not subject to resolution by the Bankruptcy Court, because the Trustee had previously expressly indicated that he was not asserting any constructive fraudulent transfer claim against ACASS.  *See id.* at 3.

On April 14, 2025, the Bankruptcy Court issued the instant MTD Order.  As a threshold matter, the MTD Order: (a) found that ACASS's second and third remaining issues were duplicative and would be considered together; (b) accepted the Trustee's concession that he does not seek to assert a constructive fraudulent transfer claim; and (c) declined to address or rule on law of the case.[2]  *See* MTD Order at 2.  As to the question of personal jurisdiction, the Bankruptcy Court determined that it has personal jurisdiction over ACASS notwithstanding that ACASS is a Canadian entity.  *See id.* at 3–4.  As to the second and third issue, the Bankruptcy Court found that the SAC plausibly alleged three "badges of fraud," and that accordingly, the Trustee has adequately pleaded his fraudulent transfer claim with the requisite particularity.  *Id.* at 4–6.

On April 28, 2025, ACASS timely filed the instant Motion for Leave to Appeal.

---

[2] These findings, as well as Judge Manning's determination regarding personal jurisdiction, are not the subject of the instant Motion for Leave to Appeal, and thus, have not been considered herein.

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).[3] "The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003)).  The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held[] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted.") (citation omitted).  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, appellants must establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. 3d at 558 (citation omitted); *see also In re Salvatore*, No. 3:18-CV-1429 (SRU), 2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied if the reversal of the bankruptcy court's order would (1) terminate the action; or (2) materially affect the outcome of the litigation. *See Osuji*, 285 F. Supp.

---

[3] The parties do not dispute that this case presents an appeal of an interlocutory order.

3d at 558 (citing *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016)). "The question of law must be a pure question that does not require resort to the case docket for study." *In re Salvatore*, 2019 WL 1284815 at *2. The second inquiry is satisfied where there is either conflicting authority on the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*, 285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy court applied the correct legal standard . . . [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore*, 2019 WL 1284815 at *2. The third inquiry "is satisfied when the appeal promises to advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [Section] 1292(b) are met." *Buckskin Realty Inc.*, 552 B.R. at 44.

**Discussion**

ACASS contends that: (1) the MTD Order erroneously overrode the requirement that the Trustee plead with particularity how each *specific* transfer sought to be avoided—as opposed to the Debtor's general conduct—was made with fraudulent intent; and (2) that the transfers, intended to pay legitimate obligations, cannot, as a matter of law, be deemed fraudulent based upon the Debtor's other wrongful conduct. ACASS asserts that the foregoing presents purely legal issues regarding the correct legal standard governing intentional fraudulent transfer claims, and that the "fundamental conflict between the Bankruptcy Court's approach and established law demonstrates substantial grounds for difference of opinion."[4] In response, the Trustee principally argues that

---

[4] ACASS posits two "questions presented" for the Court on appeal. Though the Court has, as appropriate, considered these questions when evaluating whether to permit an interlocutory appeal, to avoid confusion, it has not specifically structured its findings herein accordingly.

the issues raised by ACASS are inappropriate for interlocutory review because ACASS is essentially asking this Court to second-guess the Bankruptcy Court's reading of the SAC.  The Trustee further contends that the resolution of ACASS's interlocutory appeal would not materially advance the Adversary Proceeding, and that regardless, the Court should exercise its "unfettered discretion" to deny interlocutory review.  The Court agrees with the Trustee that ACASS has not met the standard for interlocutory appeal.

Fundamentally, ACASS fails to demonstrate that the issues it seeks to raise on appeal are pure, controlling questions of law.  As an initial matter, ACASS's obvious displeasure with the Bankruptcy Court's reading of the SAC to adequately assert the Debtor's fraudulent intent with particularity is not appropriate for interlocutory review.  *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018) ("a question that turns on the . . . assessment of the pleadings, is not a pure question of law suited for interlocutory appeal.") (internal quotation marks and citation omitted); *see, e.g.*, *Tarpon Bay Partners LLC v. Zerez Holdings Corp.*, No. 3:17-CV-579 (SRU), 2019 WL 10984250, at *2 (D. Conn. Oct. 29, 2019) (declining interlocutory review premised on the movant's "disappointment with [the court's] interpretation of the record").

Notwithstanding, ACASS posits that this appeal does "not require that the Court determine the validity of any facts or substantially examine the record," and instead, asks the Court to determine the relevant pleading requirements for an intentional fraudulent transfer claim. However, even if the questions on appeal were truly limited to *whether* the Trustee was required to plead with particularity how each subject transfer was fraudulent, and thus, arguably presented a pure question of law, the Court is not satisfied that an appeal at this juncture would materially advance the termination of the Adversary Proceeding.  It is well-settled that a "controlling question

of law" is one in which "reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) (citation omitted). Here, even if the Court determined, as posited, that the Trustee was required to plead with particularity fraudulent intent as to each transfer, and thus vacated the Bankruptcy Court's MTD Order, the result would only be a remand to allow the Bankruptcy Court the opportunity to assess the sufficiency of the allegations in the SAC under this standard. Such a result would do nothing to bring about a termination of the proceedings, nor would it materially affect the outcome thereof. Indeed, it would merely protract the proceedings.[5]

Further, the Trustee has indicated that even if the Court were to reverse the MTD Order and dismiss the SAC (which, for the reason just stated, would not happen even if an appeal is permitted), he would simply seek to file a third amended complaint specifically alleging that each subject transfer to ACASS was made by the Debtor, through his alter egos, with an actual intent to hinder, delay, or defraud his creditors.[6] *See* Trustee Opp. at 8; *see also In re Cornerstone Homes, Inc.*, No. 17-CV-6115 (FPG), 2017 WL 1370999, at *2 (W.D.N.Y. Apr. 17, 2017) ("[i]n general, challenges to the sufficiency of pleadings are inappropriate for interlocutory review because reversal would simply lead to 'a remand for repleading, with possibilities of further interlocutory appeals thereafter.'") (quoting *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002)); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) ("[t]he Second Circuit regularly denies interlocutory appeals at such preliminary stages where, as here, the appeal could at most lead only to a remand for repleading."); *see, e.g.*,

---

[5] The Court recognizes that the SAC would not likely withstand scrutiny under the standard put forth by ACASS. Nonetheless, it is not for this Court, in the first instance, to make such a determination.

[6] ACASS argues that "[t]he Trustee would not be able to replead as he suggests . . . because he has not and cannot plead any fraudulent intent as to the specific transfers at issue." *See* ACASS Reply at 5. ACASS provides no support for this assertion, and in any event, this is precisely the type of dispute unsuited for resolution through interlocutory appeal.

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 22-CV-9597 (PGG), 2024 WL 1119497, at *6 (S.D.N.Y. Mar. 14, 2024) (denying interlocutory review where the trustee proffered, as here, that he would "seek to replead to cure any deficiency" in the specificity of the complaint's allegations of fraudulent intent). Thus, it cannot be said, given the Trustee's representations, that a reversal would terminate the action or materially affect the outcome of the litigation.

The Court also concludes that the unique circumstances presented here, this Adversary Proceeding being one of hundreds premised upon similar legal theories, caution against interlocutory appeal of the MTD Order. Any decision could impact and potentially disrupt the resolution and orderly proceeding of these many other adversary proceedings. In this regard, the Court's "unfettered discretion" to deny certification "can be for 'any reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'" *In re Facebook*, 986 F. Supp. 2d at 530 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)).

Finally, it is worth observing, as this Court has in the past, that ACASS may yet prevail on the merits in the Adversary Proceeding, rendering an appeal of the MTD Order and the issues discussed herein wholly unnecessary – for the Trustee, ACASS, and the Court.[7]

**Conclusion**

For the foregoing reasons, ACASS's Motion for Leave to Appeal is **DENIED**. The Clerk of Court is directed to close this case.

---

[7] The Court does not herein reach the issue of whether substantial grounds for a difference of opinion exist, given: (a) ACASS's above-discussed failure to meet the other criteria for certification of an interlocutory appeal; and (b) the Court's "unfettered discretion to deny certification," *see Buckskin Realty Inc.*, 552 B.R. at 44.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of December 2025.

                                               */s/ Kari A. Dooley*
                                               KARI A. DOOLEY
                                               UNITED STATES DISTRICT JUDGE